UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| **THOMAS A. SEAMAN,**<br><br>**Plaintiff,**<br><br>v.<br><br>**TEEM, LLC, ET AL.,**<br><br>**Defendants.** | **CASE NO. SACV 10-01902-CJC(RNBx)**<br><br>**ORDER REGARDING SETTLEMENT PROCEDURES, PRE-TRIAL CONFERENCE AND TRIAL** |

  This matter is assigned for all purposes to the Honorable Cormac J. Carney, United States District Judge, Courtroom 9B, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California, 92701-4516.  The Court's mandatory procedures and requirements for Settlement, the Pre-Trial Conference and Trial are as follows:

**SETTLEMENT PROCEDURES**

  1. It is the policy of the Court to encourage disposition of civil litigation by settlement when such is in the best interest of the parties.  In the Notice of Intent to Schedule the Case, the parties were ordered to include in the Rule 26(f) report their selection of either the Court's ADR Program or private mediation.  The Court's ADR Program is described in the "ADR" section of the Court's website

http://www.cacd.uscourts.gov), which also contains the list of Attorney Settlement Officers and requisite ADR forms. This Court does not favor requests for settlement conferences before a Magistrate Judge.

Unless otherwise ordered, no later than forty-five (45) days before the Pre-Trial Conference, the parties **must** participate in the selected settlement procedure. The Court may, on its own motion, order the parties to settlement following the Pre-Trial Conference. Given the high costs of litigation and the enormous commitment of resources that a trial requires, the parties must explore every option for resolving their disputes, short of trial. The failure of any party to comply with the local rules and engage in meaningful settlement discussions may result in the imposition of sanctions against that noncomplying party.

**PRE-TRIAL CONFERENCE**

2. Compliance with the requirements of Local Rule 16 is mandatory. Counsel will lodge carefully prepared Memoranda of Contentions of Fact and Law (which may also serve as the trial briefs) and a Final Pre-Trial Conference Order in accordance with the provisions of Local Rules 16-4 and 16-7. The Memoranda of Contentions of Fact and Law will be served no later than twenty-one (21) calendar days before the Pre-Trial Conference. The Final Pre-Trial Conference Order will be lodged five (5) court days before the Pre-Trial Conference. The form of the Final Pre-Trial Conference Order will be in conformity with the form set forth in Appendix A to the Local Rules.

**MOTIONS IN LIMINE**

3. All Motions in Limine will be heard at the Pre-Trial Conference. The purpose of these motions is to alert the Court to significant evidentiary issues that can be addressed and resolved prior to trial. All Motions in Limine must be filed and served in compliance with Local Rule 6-1. Opposition papers must be filed and served in compliance with Local Rule 7-9. Reply papers must be filed and served in compliance with Local Rule 7-10.

**STATEMENT OF THE CASE**

4. Counsel will prepare a joint statement of the case which will be read by the Court to the prospective panel of jurors prior to the commencement of voir dire. The

statement should not be more than two or three paragraphs. The statement will be filed with the Court five (5) court days before the Pre-Trial Conference or one (1) week prior to the trial if the Pre-Trial Conference is waived.

**EXHIBIT LIST AND EXHIBIT PREPARATION**

5.  A joint exhibit list will be prepared in compliance with Local Rule 16-6. The joint exhibit list will contain the information required by F.R.Civ.P. 26(a)(3)(C). The joint exhibit list will be filed no later than five (5) court days prior to the Pre-Trial Conference or one (1) week prior to the trial if the Pre-Trial Conference is waived. In order to produce the joint exhibit list, the parties **will** meet and confer sufficiently in advance of the required submission date.

6.  Exhibits are to be delivered to the Courtroom Deputy Clerk not later than 8:30 a.m. on the first day of trial. All exhibits will be placed in loose leaf binders which are tabbed down the right side with exhibit numbers. The spine of the notebook is to be marked with the case name and number and the numbers of the exhibits contained therein. The notebooks are to be prepared with an original for the Clerk, which will be tagged with the appropriate exhibit tags in the upper right-hand corner of the first page of each exhibit, and one copy for the Court. Each notebook will contain a list of the included exhibits. The exhibits are to be numbered in accordance with Local Rule 26-3. Counsel may obtain exhibit tags (yellow for plaintiff and blue for defendant) at the Clerk's Office, Intake Window. Special arrangements for voluminous or over sized exhibits should be made with the Courtroom Deputy Clerk by Wednesday of the week before trial.

**WITNESS LISTS**

7.  A witness list will be prepared in compliance with Local Rule 16-5. The witness list will be filed no later than five (5) court days prior to the Pre-Trial Conference or one (1) week prior to the trial if the Pre-Trial Conference is waived. Counsel will submit the names of the witnesses in the order that they are expected to testify, and provide, to the extent possible, an accurate estimate of the time needed for each witness for direct, cross, redirect and re-cross. Counsel will also provide a brief summary of what each witness will

testify to. If more than one witness is offered on the same subject, the summary should be sufficiently detailed to allow the Court to determine if the testimony is cumulative.

## JURY INSTRUCTIONS

8.  In a jury trial, jury instructions are to be filed no later than five (5) court days prior to the Pre-Trial Conference or one (1) week prior to the trial if Pre-Trial Conference is waived. The parties must submit joint jury instructions. The parties **will** meet and confer sufficiently in advance of the required submission date, in order to prepare the joint jury instructions. The instructions should be submitted in the order in which the parties wish to have the instructions read. This order should reflect a single organized sequence agreed to by all of the parties. The Court insists upon receiving lucid and accurate instructions setting forth the elements of each party's claims and defenses. The instructions should be tailored to the facts of each case. INSTRUCTIONS WILL BE BRIEF, CLEAR, CONCISE, WRITTEN IN PLAIN ENGLISH, FREE OF ARGUMENT AND WILL BE ORGANIZED IN A LOGICAL FASHION SO AS TO AID JURY COMPREHENSION.

9.  In the event that agreement cannot be reached, counsel will submit three (3) sets of instructions (with an extra set for the Court's law clerks) in the following format: (1) the agreed upon instructions; (2) the instructions proposed by plaintiff and opposed by defendant; and (3) the instructions proposed by defendant and opposed by plaintiff. Instructions upon which agreement cannot be reached should reflect the basic disagreements among the parties as to the law. The disputed instructions should be presented to the Court within the framework of the overall set of instructions. The parties should put forth differing versions of disputed instructions, and the Court will select one version.

10.  The instructions submitted to the Court must be numbered, and the parties must also submit an unnumbered index. Attribution and case citation for each instruction will be placed on pages following a proposed instruction. For disputed instructions, a party should note its objections to a proposed instruction and its reasons for putting forth its alternative on pages placed after its own alternative instruction.

## VERDICT FORMS

11. Counsel are to prepare and file a verdict form in accordance with the same procedures as those required for jury instructions. Counsel are to use their best efforts to agree upon a joint verdict form and submit it to the Court no later than five (5) court days prior to the Pre-Trial Conference or one (1) week prior to the trial if the Pre-Trial Conference is waived. If counsel cannot agree as to the form of the verdict, the parties should submit their respective version to the Court on the submission date for the joint verdict form.

12. **Counsel are advised that if any inconsistencies exist between the submission and lodging dates provided in this Order and the Local Rules, the dates in this Order will govern and supercede the Local Rules.**

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve copies of this Order on counsel for the parties in this matter.

DATED: December 2, 2011

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE